The plaintiff, John Doe, appeals from a Superior Court judgment, affirming the Sex Offender Registry Board's (SORB's) classification of Doe as a level two sex offender. As set forth infra, Doe challenges his classification on multiple grounds. We affirm.
Background. In October of 2013, Doe pleaded guilty to three counts of indecent assault and battery on a child under the age of fourteen, stemming from sexual offenses he committed against his then ten year old stepson (victim no. 1) starting in 2006, and against his then twelve year old niece (victim no. 2) in 2010 or 2011. Victim no. 1 reported that Doe, who was fifty-nine years old at the time the abuse began, touched victim No. 1's penis on numerous occasions and had the victim touch Doe's penis. Doe admitted to sexually assaulting victim no. 1 on twelve separate occasions. Victim no. 1 reported the sexual abuse in 2011.
In 2010 or 2011 (several years after the sexual offenses against victim no. 1), Doe touched victim no. 2's breasts and vagina, and attempted to have her touch his "privates," but she refused. Doe was about sixty-three years old at the time. During an investigation by the Department of Children and Families (DCF), Doe admitted touching victim no. 2's legs, but claimed it was not sexual.
Doe was sentenced on two counts to concurrent terms of two and one-half years in a house of correction, with twelve months to serve and the balance suspended. On the third count, he received two years of probation to be served after his release from incarceration.
In 2014, SORB notified Doe that it recommended that he register as a level three sex offender pursuant to G. L. c. 6, §§ 178C - 178Q. Doe had an initial hearing in June 2014; however, while Doe's matter was pending, the Supreme Judicial Court held in Doe, Sex Offender Registry Bd. No. 380316 v. Sex Offender Registry Bd., 473 Mass. 297, 314 (2015), that "sex offender risk classifications must be established by clear and convincing evidence," rather than the previously applied preponderance of the evidence standard of review. A second hearing on Doe's classification was conducted in 2016, employing the new standard of proof. Following the hearing, the examiner concluded that Doe posed a moderate risk of reoffending and a moderate danger to society, and that Doe was appropriately classified as a level two sex offender.
As required by the regulations, see 803 Code Mass. Regs. § 1.33 (2016), the examiner considered the statutory factors applicable to Doe's classification. The examiner considered several high risk factors, including that Doe demonstrated repetitive and compulsive behavior, he was an adult offender who offended against a child victim, and he offended against both male and female victims. The examiner additionally considered, as a risk elevating factor, Doe's violation of a condition of his pretrial probation by going to victim no. 1's home in violation of a no-contact order.
The examiner considered several risk mitigating factors, including Doe's probation supervision, his advanced age, his participation in sex offender treatment, his support system, as well as his stability in the community following his release from incarceration. With regard to Doe's advanced age,[2] as discussed in more detail infra, the examiner did not provide full weight to this mitigating factor because Doe committed his first offense at the age of fifty-nine and his second offense at the age of sixty-three.
In addition, the examiner considered the testimony of Doe's expert, Dr. Joseph J. Plaud,[3] who opined that Doe was at an "extremely low risk to reoffend." The examiner did not adopt Dr. Plaud's assessment, explaining that Dr. Plaud did not consider each of SORB's regulatory risk factors.
As set forth supra, the Superior Court judge, on a motion for judgment on the pleadings, affirmed SORB's decision. This appeal followed.
Discussion. A reviewing court may modify or set aside an agency's decision only if it was "(a ) [i]n violation of constitutional provisions; or (b ) [i]n excess of statutory authority or jurisdiction of the agency; or (c ) [b]ased upon an error of law; or (d ) [m]ade upon unlawful procedure; or (e ) [u]nsupported by substantial evidence; or (f ) [u]nwarranted by facts found by the court on the record ... ; or (g ) [a]rbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law."[4] G. L. c. 30A, § 14 (7). "In conducting our review, we 'give due weight to the experience, technical competence, and specialized knowledge' of the board." Doe, Sex Offender Registry Bd. No. 151564 v. Sex Offender Registry Bd., 456 Mass. 612, 615 (2010), quoting G. L. c. 30A, § 14 (7). Here, Doe contends that the examiner's decision was not supported by substantial evidence and was arbitrary or capricious because the examiner (1) rejected Doe's expert's assessment of Doe's risk, (2) failed to give full mitigating weight to Doe's advanced age, and (3) gave full weight to Doe's repetitive and compulsive behavior even though Doe was not subject to legal intervention between his sexual assaults on the two victims.
Expert testimony. With regard to Doe's expert's risk assessment, the law is clear that "[t]he opinion of a witness testifying on behalf of a sex offender need not be accepted by the hearing examiner even where the board does not present any contrary expert testimony" (citation omitted). Doe, Sex Offender Registry Bd. No. 68549 v. Sex Offender Registry Bd., 470 Mass. 102, 112 (2014). Here, the examiner appropriately considered Dr. Plaud's opinion as informative, but not binding. Dr. Plaud failed to consider some of the high risk factors that the examiner concluded warranted a classification of Doe as posing both a moderate risk to reoffend and a moderate degree of dangerousness. See Doe, Sex Offender Registry Bd. No. 3844 v. Sex Offender Registry Bd., 447 Mass. 768, 777-778 (2006).
Moreover, unlike the examiner, see infra, Dr. Plaud did not consider the effect of Doe's advanced age at the time of the underlying sexual offenses in connection with the assessment. Dr. Plaud testified that for offenders older than the age of sixty, the recidivism rate was "dramatically low" and would be statistically below three percent.[5] The examiner reasonably found that Dr. Plaud failed adequately to reconcile the apparent inconsistency between his opinion that Doe presented a low risk and the fact that Doe committed his first set of sexual offenses at an age when Dr. Plaud's statistics suggest his risk of reoffending was extremely low.
Furthermore, Dr. Plaud's opinion relied on his conclusion that the high risk factor of repetitive and compulsive behavior did not apply to Doe because Doe had not been identified and sanctioned in the time period between his sexual offenses against victim no. 1 and his sexual offenses against victim no. 2. In contrast, the regulations do not limit this high risk factor to situations where the offender is subjected to legal intervention between offenses or victims, though increased weight may be given to this factor in such circumstances. See 803 Code Mass. Regs. § 1.33. On this record, the examiner's decision not to adopt Dr. Plaud's opinion was not arbitrary or capricious.
Advanced age. Doe next contends that the examiner should have given full weight to the fact that Doe was almost seventy years old at the time of the hearing, relying on several scientific articles stating, and his expert testimony, that the risk of reoffense is reduced substantially as one ages. As discussed supra, the examiner gave some mitigating weight to Doe's age, but found that Doe's age did not have a significant mitigating weight because his offenses occurred when he was aged fifty-nine and sixty-three, at a time when typically sex offenders are substantially less likely to reoffend.
The regulatory guidelines specify that advanced age should not be applied uniformly, rather, that advanced age "should be given less weight when an offender continues to demonstrate an active sex drive or general criminality." 830 Code Mass. Regs. § 1.33(30)(a). On this record, we cannot say that it was arbitrary and capricious for the examiner to give some, but not full weight to this factor. See Doe, Sex Offender Registry Bd. No. 68549 v. Sex Offender Registry Bd., 470 Mass. at 109-110.
Repetitive and compulsive behavior. Doe also maintains that the examiner erred in applying the repetitive and compulsive behavior factor because there was no legal intervention between the time Doe sexually assaulted victim no. 1 and the time Doe sexually assaulted victim no. 2.[6] The regulations provide that, while additional weight should be given to this factor when there has been legal intervention between sexual offenses, it is nevertheless a relevant high risk indicator even in the absence of legal intervention so long as an offender "engages in two or more separate episodes of sexual misconduct." 803 Code Mass. Regs. § 1.33(2)(a). Here, Doe engaged in multiple episodes of sexual conduct separated by both time and victim. Specifically, he sexually assaulted victim no. 2 approximately four years after sexually assaulting victim no. 1. In these circumstances, the examiner did not abuse his discretion in giving full weight to this factor.[7]
Judgment affirmed.

Doe was seventy years old at the time of the hearing.

Doe also submitted a report from Dr. John F. Cusack. However, because Dr. Cusack did not testify at the hearing, the examiner did not consider Dr. Cusack's ultimate risk opinion.

Doe bears the burden of proving that one of these conditions has been satisfied. See Coe v. Sex Offender Registry Bd., 442 Mass. 250, 258 (2004).

Furthermore, in articles provided by Doe, sex offenders released after the age of sixty showed low recidivism rates. For example, one article states that the recidivism rate for sex offenders released after the age of sixty was 3.8 per cent. Another article states the recidivism rate for sex offenders older than the age of sixty was two per cent.

The issue whether his sexual offenses against victim no. 1 and victim no. 2 were compulsive in addition to being repetitive was not raised by Doe and therefore we do not reach it.

In light of the foregoing, Doe's argument that SORB did not establish by clear and convincing evidence his level two classification (which relies on his contentions regarding his expert, advanced age, and lack of legal intervention) is unavailing.